IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SCOTTY J. EDWARDS, #207067, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-214-MEF |
| | ) |
| FLORALA, AL. POLICE DEPT., et al., | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

On March 1, 2006, the plaintiff filed a complaint in which he seeks to challenge actions which occurred from December of 2001 until September of 2004.[1] However, all claims arising from actions which occurred prior to March 1, 2004 are barred by the limitation period applicable to 42 U.S.C. § 1983 actions filed in this court. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for section 1983 suits is the forum state's general or residual statute of limitations for personal injury actions.); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). Alabama law directs that the general statute of limitations for personal injury actions is two years. *See Ala. Code §* 6-2-38(l). Thus, the claims Edwards seeks to present with respect to actions which occurred

---

[1]. Although the complaint was stamped "filed" in this court on March 6, 2006, an account clerk certified the *in forma pauperis* application submitted by Edwards with his complaint. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The evidence before the court therefore demonstrates that Edwards had possession of the complaint and supporting documents on March 1, 2006 and could not have presented them for mailing prior to this date. The court therefore considers March 1, 2006 as the date of filing for the instant cause of action.

from December of 2003 until March 1, 2004 are barred by the applicable two-year period of limitation.

Edwards also lists "Deputy Sheriff, unknown" as a defendant. The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include the names of all the parties ..."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court). Additionally, neither police department named by Edwards as a defendant is a legal entity subject to suit or liability under section 1983. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

Edwards likewise presents claims challenging the constitutionality of actions relative to current pending criminal charges. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Edwards has an adequate remedy at law because he may pursue any federal constitutional issues through remedies available in the state court system during the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Thus, any claims relating to pending criminal charges are not properly before the court at this time. Moreover,

Edwards presents claims which attack the validity of his probation revocation. These claims similarly present no basis for relief at this time because habeas corpus is the exclusive remedy in which to present such claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In light of the foregoing, and for good cause, it is

ORDERED that on or before March 28, 2006 the plaintiff shall file an amended complaint which:

1. Presents claims relative to actions that occurred *on or after* March 1, 2004 which do not relate to either the pending criminal charges or revocation of probation..

2. Lists specific claims for relief in separate counts. The plaintiff is advised that these claims must arise from actions which occurred *on or after* March 1, 2004.

3. Names those individuals who are responsible for the alleged violations of his constitutional rights.

4. Provides the *true name* of the unknown deputy sheriff who he believes violated his constitutional rights.

5. Asserts with clarity those factual allegations that are material to each specific count and describes how each named defendant violated his constitutional rights.

6. States the precise relief he seeks from this court.

The plaintiff is advised that this case will proceed only on those claims presented in the amended complaint and against the individuals named in the amended complaint. The

plaintiff is *cautioned* that failure to comply with the directives of this order will result in the dismissal of this case.

    Done this 8th day of March, 2006.


                        **/s/ Delores R. Boyd**
                        DELORES R. BOYD
                        UNITED STATES MAGISTRATE JUDGE