IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Scotty Edwards
    Plaintiff

VS

Florala, Alabama Police
Department, et... al

RECEIVED

2006 MAY 15  A 9: 25

___ A ___ HACK___ TT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Case No. 2:06-CV-214-MEF

## PLAINTIFF'S OBJECTION TO MAGISTRATE DELORES R. BOYD'S APRIL 10th, 2006 RECOMMENDATION IN THIS CASE

Comes now Scotty Edwards the Plaintiff in the above styled cause by and through the assistance of another inmate and hereby, pursuant to 28 U.S.C. 636 et... seg of the United States Code, makes written objection to Magistrate Delores Boyd's recommendation in this case dated April 10th, 2006 and as grounds, shows as follows:

1.    Magistrate Boyd entered recommendation on April 10th, 2006. The Plaintiff filed a motion requesting an enlargement of time to file an objection to said recommendation and on May 3rd, 2006 Magistrate Boyd granted the Plaintiff's motion and gave the Plaintiff until May 9th, 2006 to file his objection.

2.    Magistrate Boyd recommended that the Plaintiff's claims against the Florala, Alabama Police Department, the Opp, Alabama Police Department, the Covington County Sheriff's Department, the

1

2. Walton County, Florida Sheriffs Department and the Covington County Drug Task Force be dismissed prior to service pursuant to the provisions of 28 U.S.C. § 1915 (e) (2) (B) (i).

3.       The Plaintiff argues and avers that the Magistrate's recommendation is erroneous and contrary to law under the facts and circumstances of this Plaintiff's case for the following reasons, to-wit:

---

### A

The Magistrate's position is that ... "The law is well settled that neither a County Sheriff's department, city police department nor drug task force is a legal entity subject to suit or liability under section 1983", citing Dean V Barber, 951 F. 2d 1210, 1214 [11th Cir. 1992]. "In light of the foregoing, the court concludes that the Plaintiff's claims against the aforementioned departments and task force are due to be dismissed under 28 U.S.C. § 1915 (e) (2) (B) (i). Id."

The Magistrate has failed to recognize the obvious in this case, which is the fact that the Dean case which she relies upon clearly states in its holding that:

   "Capacity to sue or be sued shall be determined by
   the law of the state in which the district court
   is held".
Dean, 951 F. 2d at 1214  [citations omitted].

The Magistrate erred in failing to recognize that the Seventh Circuit Court of Appeals in Franklin V Zaruba, 150 F. 3d 682 685 [7th Cir. 1998], relying upon the holding of the Supreme

2

Court in Hess v Port Authority Trans-Hudson Corp., 513 U.S. 30 [1994], that if the county is not liable under respondent superior for the actions of the Sheriff does not necessarily entail that the Sheriff must necessarily be an agent of the State. Similarly, in Hess, there was no attempt to assign responsibility for the bi-state authority to some level of government other than the State. It was sufficient there, as it should be here, to say that the defendant [Sheriff] is not an arm of the state. Franklin, 150 F.3d at 685-86

Especially in Alabama, in the past, County Sheriffs and their Department were confident that their violations of citizens Constitutional rights would go unremedied, which should now cease.

The Courts have held that longstanding authority clearly establishes that local governments such as counties may be held liable under 42 U.S.C. § 1983 for policies they adopt or customary practices they tolerate in operating local governmental facilities. See Jinks v Richmond County, 538 U.S. 456 [2003] Monell v New York City Dept of Social Servs. 436 U.S. 658 [1978], such as County Sheriffs Departments.

The Courts have recognized that even "a single decision may create municipal liability if that decision were made by a final policy maker responsible for that activity". Brown V Bryan County, Oklahoma, 67 F.3d 1174, 1183 [5th Cir. 1995]. Sheriffs are final policymakers with respect to all law enforcement decisions made within their Countries. Brooks V George County, Miss. 84 F.3d 157, 165 [5th Cir. 1976]. [citations omitted.]

3

Under Alabama Law, specifically § 11-12-15 Ala Code 1975 the County compensates the Sheriff and Deputy Sheriffs for services performed by them and authorized to be paid to them by law, Under § 36-22-2 through 36-22-18 the county sheriffs and Deputy sheriffs are paid for their services by the County Treasurer and all of their facilities and equipment are paid for by the County Commission and furnished to them by the County Commission.

Therefore, when the Defendants take on the title "County" Sheriff's Department, are paid by the "County" and all of their facilities and tools of oppression are furnished by the "County" they are a "person" within the meaning of Monell and may be held liable under 42 U.S.C. § 1983, as is a county because the Sheriffs adopt policies, customs or practices, as do their Deputies which the Sheriff and the County who pays them tolerate.

As to the Town/Municipal Defendants in this case, the Supreme Court has held that Counties and other local government entities are "persons" within the scope of § 1983, and subject to liability. Monell supra.    When the execution of the government's policy or custom inflicts the injury, the municipality may be held liable. City of Canton V Harris, 489 U.S. 378, 385 [1989].

Therefore the Magistrate's position is erroneous because when a town/ Municipality establishes a Police Department, pays the Municipal officers and furnishes or pays for their tools of oppression, death and destruction and tolerate the Police Department's unconstitutional and illegal actions, the City/Town/Municipal Police Department are persons within the meaning of "Monell" and can be held liable.

4

The Magistrate clearly erred to reversal in recommending that the Plaintiff's claims against Florala, Alabama Police Department, the Opp, Alabama Police Department, the Covington County Sheriff's Department, the Walton County, Florida Sheriff's Department, and the Covington County Drug Task Force be dismissed prior to Service because when they take on the title "Florala Police", "Opp. Police", Covington County Sheriff's Dept., "Walton County" Sheriff's Dept., and "Covington County" Drug Task Force, the Departments and the County are liable for the unconstitutional and lawless actions they cause, and especially so in this case where the Plaintiff's complaint establishes a constant pattern and continuous conspiracy of such "persons" to violate his constitutional rights.

## B

The Magistrate relied upon 28 U.S.C. § 1915 (e) (2) (B) (i) as a basis for her recommendation, in part which provides that
    "The court shall dismiss the case at any time if the
    court determines that the action or appeal is frivolous
    or malicious",

The Magistrate's recommendation violates this Plaintiff's Fifth Amendment Due Process rights because she failed to provide the Plaintiff with notice of whether she dismissed the claims prior to service because she claims that the claims were "frivolous" or because she claims that the claims were "malicious,"

Assuming arguendo, the Magistrate's recommendation was based upon the Plaintiff's claims being "frivolous", her recommendation is still erroneous, especially at this stage of the Plaintiff's

5

case,    The Eleventh Circuit Court of Appeals has held that "a claim is frivolous if it is without arguable merit either in law or fact." Battle V Central State Hospital, 898 F.2d 126, 129 [11th Cir. 1990]. "A case is frivolous for what is now Section 1915 (e) (2) (B) (i), when it appears that the Plaintiff 'has little or no chance of success'." Carroll V Gross, 984 F.2d 392, 393 [11th Cir. 1993].

In this Plaintiff's case, the Plaintiff's claims against the Florala Police Dept., the Opp. Police Dept., Covington Co. Sheriff's Dept., Walton County Sheriff's Dept. and Covington Co. Drug Task Force clearly has arguable merit in law and/or fact as to whether they are subject to suit or liability under section 1983.    Further, the supreme court has made it clear that "a pro se complaint should not be dismissed 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief'." Conley V Gibson, 355 U.S. 41, 47 [1957], and in this case, the court cannot say with assurance that the Plaintiff can prove no set of facts to establish that the above named Defendants are subject to suit or liability under section 1983.    See Ancata V Prison Health Services, Inc., 769 F.2d 700 [11th Cir. 1985] wherein the Court reversed dismissal of a § 1983 claims against a county, its sheriff, an entity which provided health care services to inmates, and employees of the entity.

Based upon the foregoing, the Plaintiff argues that the Magistrate's recommendation should be rejected and the case sent back to the Magistrate for further proceedings.

6

RELIEF REQUESTED

Wherefore, all facts and circumstances considered, the Plaintiff prays that this Court will reject Magistrate Delores Boyd's April 10th, 2006 recommendation and allow the Plaintiff to proceed at present with his claims against the Florala, Alabama Police Department, the Opp, Alabama Police Department, the Covington County Sheriff's Department, the Walton County, Florida Sheriff's Department and the Covington County Drug Task Force Defendants.

SO IS PRAYED:

Done this the __8th__ day of __May,__ 2006;

Respectfully submitted,

Scotty Edwards

Scotty Edwards - Plaintiff Pro Se
AIS # 207067
Dorm # 14-A
LCF- 28779 Nick Davis Road
Harvest, Alabama
35749 - 7009

7

CERTIFICATE OF SERVICE

I hereby certify that I have on this the ___8th___ day of May, 2006 served a copy of the foregoing upon!

The Clerk of the U.S. District Court
For the Middle District of Alabama
P.O. Box 711
Montgomery, Alabama   36101-0711

and only upon the Clerk because the named defendants which are the basis of this motion have not yet been served with summons and complaint, by placing copy of this motion in the U.S. mail properly addressed postage prepaid at the Limestone Correctional Facility in Harvest, Alabama,

Respectfully submitted,

Scotty Edwards

Scotty Edwards — Plaintiff Pro Se
AIS # 207067 — Dorm #14-A
LCF- 28779 Nick Davis Road
Harvest, Alabama
                35749- 7009

8