IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SCOTTY J. EDWARDS, #207067, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:06-CV-214-MEF-DRB |
| FLORALA, AL. POLICE DEPT., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON MOTION

Submitted is this *pro se* and incarcerated Plaintiff's *second Motion for Enlargement of Time* (Doc. 33, Oct. 5, 2006) for his response to Defendants' Special Reports and Answers. The Amended Complaint is pending on 42 U.S.C. §1983 allegations that two Covington Co. Sheriff's deputies and two policemen continually harassed Plaintiff through traffic stops because of his reputation as a drug dealer.

I.

On July 13, 2006, the court set an August 7 deadline for Plaintiff ("Edwards") to respond to the Answers and Special Reports filed on June 5 by Defendants Jackson and Inabinett (Docs. 20 and 21) and on July 10 by Defendants Wise and Southerland (Doc. 26). **The Clerk docketed on August 17 Edwards' first motions, signed by him on August 12, to extend that deadline. (Docs. 29 and 30).** As grounds for the requested extension until September 12, Edwards cited limitations arising from his incarcerated status: "no appropriate means to view" the Defendant's DVD exhibit; a "limit[ed] supply of postal stamps"; "very limited time to use the law library" due to his "institutional job everyday" and rules permitting

only "ten inmates...at a time" to use the library. Edwards also claimed that "[n]o party will be prejudice[d]" by the requested extension. **For the good cause shown, the court granted the requested extension to September 12 and ordered Defendants to arrange for Edwards' viewing of the DVD (Doc. 31, Aug. 18, 2006).** Defendants' *Notice of Compliance* advised that Limestone Correctional Facility officials facilitated Edwards' viewing of the DVD on August 31. (Doc. 32, Sept. 6, 2006).

**Over two weeks after extended deadline of September 12, Edwards signed on September 25 this second *Motion*, docketed on October 5 (Doc. 33)** for more time. In addition to alleging the absence of prejudice to defendants, Edwards represented: (1) that an inmate assisting him had been transferred from Limestone and had possession of Edwards' response and paperwork; (2) that he himself had been transferred to Decatur work release, a facility with "no law books and only one computer for all inmates' use"; and (3) that he is seeking "outside counsel help" because his "state job has him occupied during most of the hours that he is allowed to be in the law library."

## II.

The court is bound to consider "prejudice" not just to the parties but also to the court in connection with its duty to make orderly and timely dispositions of actions. The law enforcement officers designated as defendants have an independent and valid interest in securing as readily as possible final adjudication of claims asserted against them individually arising from the performance of their official duties. The responsive pleadings by these

officers include the assertion of immunity defenses which warrant evaluation prior to discovery along with other affirmative defenses which, if established, would bar this action altogether.

Aside from the question of prejudice to the court and parties by granting continuances which unduly protract resolution of the litigation, the court is bound to consider, in the first instance, the *merits* of a motion for relief from any reasonable deadline.  The first deadline, August 7, gave Edwards almost 60 days to digest and respond to the submissions filed June 5 by Defendants Jackson and Inabinett, and almost 30 days to respond to submissions not filed until July 10; the submissions rest on substantially similar facts and legal arguments. Delays in receiving and docketing Edwards' first motion for continuance allowed him additional time – between the missed August 7 deadline and the court's August 18 order, while the new deadline ordered – September 12, extended about three more weeks. When this *Order* is docketed, Edwards will have had the benefit of another 30 days to prepare any Response.

While incarcerated citizens have a right of access to federal courts, they do not enjoy – any more so than "free-world" citizens – any privilege to prosecute claims they choose to file at their leisure or convenience.  The claims asserted by Edwards do not relate to his conviction or the conditions of his confinement in state prison; instead, they relate to generalized claims of police/sheriff harassment by traffic stops occurring between 2003 and 2004, for which Edwards seeks millions of dollars in damages.  His stated difficulties in

meeting the court's deadlines arise wholly from the *fact* of his incarceration, and he alone must assume responsibility for the underlying convictions.  As long as he remains incarcerated, it is reasonable to project the continuation of the limitations about which he complains:  restrictions on use of the law library, dependence on inmates more learned in the law; transfers from facilities or job assignments which further restrict use of law libraries; and limited supplies.

Edwards also faces formidable difficulties in prosecuting a federal civil action fraught with nuances and legal complexities which deter even some seasoned lawyers, and his pending motion  acknowledges his need, and stated search,  for a lawyer to advance this claim.  He is advised that the court cannot provide counsel to him.  He is further advised that if he chooses to pursue this action without counsel, the court will not be obliged to, and will not, act as his counsel, or grant automatically motions to continue other deadlines which may govern this lawsuit.  The court also deems it necessary to repeat this cautionary note included in its *Order* filed July 13, 2006:

**"If the plaintiff fails to file a response as required by this order, the court will treat the plaintiff's failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Moreover, the plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure. In addition, if the plaintiff fails to respond to the written reports with respect to each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires."**

In the same *Order* the court advised that "**at some time in the future the court may treat the defendants' reports and the plaintiff's response as a dispositive motion and response.**" **The**

**parties are NOW ADVISED THAT THE DEFENDANTS' reports will be treated as motions for summary judgment.**

Thus, in responding to these summary judgment submissions, Edwards is advised to be governed by **Rule 56 of the Federal Rules of Civil Procedure**, and the instructions highlighted in the Order filed July 13, and reproduced herewith for his convenience:

a.  Plaintiff should not rely only on his unsworn pleadings but should respond by filing sworn affidavits[1] or other evidentiary materials which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case.

b.  Failure to file sworn affidavits or other evidentiary materials may result in this court accepting the defendants' evidence as the truth.

c.  If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

### III.

Having given Plaintiff notice that no further extensions will be granted, the court deems it appropriate to provide sufficient time for his filing – with or without counsel – of a response in conformity with summary judgment requirements. Accordingly, it is

---

[1] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

**ORDERED** that Plaintiff's *Motion for Extension of Time* (Doc. 33) is GRANTED to the extent that his deadline for responding to Defendants' Special Reports, to be treated as motions for summary judgment, is continued to and including **November 22, 2006.** Defendants may file any reply not later than December 14, 2006, and the motions shall be submitted thereafter for ruling without oral arguments.

Done this 12th day of October, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE BOYD